## KLOCKENBAUM *v.* PIERSON *et al.*

Notice left by a Notary at the residence of an indorser of a note—he being absent
at the time—describing the note, stating that it was protested by him for non-
payment, and that the holder looked to the indorser for payment, but not
signed by any one, nor indicating in any way from whom it proceeded, is insuf-
ficient to charge the indorser.

Such notice having been so left on Saturday, the day the note matured, the record
shows that on Monday, in a conversation between the indorser and the Notary,
"something was said about the note," and that the Notary informed the
indorser that plaintiff was "its owner and holder :" *Held*, that as a verbal
notice, this conversation was insufficient; that a notice must inform the indorser,
either expressly or by necessary implication, that the note has been duly pre-
sented at its maturity and discharged.

Appeal from the Fifteenth District.

The note was as follows :

" $350.                    MARYSVILLE, December 9th, 1858.

Three months after date, for value received, I promise to pay to the order of S. M. Bliss the sum of three hundred and fifty dollars, with interest at the rate of three per cent. per month, till paid, from date.

(Signed)                              O. H. PIERSON."

Bliss, immediately upon the execution of the note, endorsed it in blank and delivered it to Pierson, who negotiated it—Bliss being an accommodation indorser.

The notice of the Notary, left with the wife of Bliss at his residence, was as follows:

"To S. M. BLISS—Sir: You will please take notice, that a note drawn by O. H. Pierson, dated December 9th, 1858, for the sum of three hundred and fifty dollars, payable three months after date, endorsed by you, was this day protested by me for non-payment, and the holder looks to you for payment thereof, as indorser.

"MARYSVILLE, March 12th, 1859."

Due demand was made on the maker—all parties resided at Marysville at the execution and maturity of the note. All other material facts are stated in the opinion of the Court. Plaintiff appeals.

*Filkins and Reardan,* for Appellant, cited 18 Barb. 187; 2 Kern. 551; 1 Appleton, 62; 4 Zabriskie, 71; 4 Cal. 213; 11 Wheat. 43; Story on Prom. Notes, secs. 320, 321, 348–351.

*Belcher & Belcher,* for Respondent, cited *Wynn* v. *Alden,* 4 Denio, 163; *Tevis* v. *Wood,* 5 Cal. 393.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This is an action upon a promissory note, against both the maker and indorser. Judgment was rendered against the maker and in favor of the indorser, and the only question presented on the appeal is, whether there was sufficient notice of the dishonor of the note to charge the latter. The note matured on the twelfth of March, 1859, and on the evening of that day the Notary left at the residence of the indorser—who was absent at the time—a notice describing the note, and stating that it was protested by him for non-payment, and that the holder looked to the indorser for payment. This notice was without any signature of any kind, nor did it indicate in any way from whom it proceeded. It was ineffectual, therefore, to charge the indorser.

The note matured on Saturday, and on the Monday following, it appears that the Notary had some conversation in relation to it with the indorser. This conversation, as detailed in the record, only discloses that "something was said about the note," and that the Notary informed the indorser that the plaintiff was "its owner and holder." As a verbal notice, the matters thus stated were entirely insufficient. No precise form of words, it is true, is necessary to constitute a valid notice; still, it must inform the party, either in express terms or by necessary implication, that the note has been duly presented at its maturity, and dishonored. No information of this kind was imparted by the conversation.

Judgment affirmed.