CHARLES GRIEB v. CHARLES COLE.

| 60 | 397 |
|----|-----|
| 115 | 483 |
| 60 | 397 |
| s27NW | 579 |
| s 1ASR | 533 |
| 132 | ²629 |
| 60 | 397 |
| 136 | ¹ 64 |
| 60 | 397 |
| d143 | ²549 |

*Order for machine—Blank warranty indorsed on, and benefit of reserved in the order—Such reference constitutes them one instrument—Failure to fill up blanks in warranty, immaterial—Printed signature of warrantor has same force as written one—Vendee, in suit on order, may show delivery of second-hand machine, under plea of general issue—Purchase of machine from dealer implies that it is to be a new one—Or, at least, not second-hand, or the worse for wear—Immaterial that second-hand one fills the terms of an accompanying warranty.*

1. Defendant gave plaintiff an order for a mowing-machine, across the back of which was printed a blank warranty, with the vendor's printed signature appended, the full benefit of which was reserved in the order, to defendant.   The blanks in the warranty were not *filled up,* and in a suit brought by the vendor on the order, he offered the order and warranty in evidence, to which defendant objected on *that* ground, claiming that the warranty was not a valid instrument.

   *Held,* that if the warranty stood alone, its invalidity would be unquestioned; but that the reference thereto in the order constituted the papers *one* instrument, and when read together no ambiguity or uncertainty appears.

   *Held,* further, that the warrantor was bound by the printed signature which he had adopted as his, as fully as if in his handwriting.

2. In a suit to recover the purchase price of a mowing-machine sold to the defendant by the plaintiff, it is competent for the defendant to show, under the plea of the general issue, that the article *delivered* was not the one he purchased; so *held,* where defendant's offer was to show that the machine delivered was a *second-hand one,* and his order, in connection with the circumstances under which it was made, called for a *new* machine.

3. A purchase of a machine from a dealer implies that the machine sold

shall be a *new* one—that is, *not second-hand*, or the worse for wear—and under such an order the dealer cannot impose upon the purchaser a second-hand and worn machine, whether it complies with the terms of his warranty or not as to its being well made, and that it will do as good work as any other machine of its class.

Error to St. Clair. (Stevens, J.) Argued February 18, 1886. Decided April 8, 1886.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*Geo. P. Voorheis*, for appellant:

If the warranty constituted a part of the contract, it was *necessary* to put the defendant in a position where he could enforce its provisions. This was not done, and plaintiff's action must fail: *Sherwood v. Hecox*, 35 Mich. 202; *Kimball & A. Manufacturing Co. v. Vroman*, Id. 330. A warranty is a collateral undertaking, and *forms* a part of the *contract* by the agreement of the parties: Benjamin on Sales 1st ed. § 610; and this is essential to its validity: *Vincent v. Leland*, 100 Mass. 432; *Wilmot v. Hurd*, 11 Wend. 584; *Congar v. Chamberlain*, 14 Wis. 258; *Summers v. Vaughn*, 35 Ind. 323; *Bryant v. Crosby*, 40 Me. 9.

*Chadwick & Wood*, for plaintiff.

[No authorities cited.—REPORTER.]

CHAMPLIN, J. On May 1, 1883, one W. D. McLaughlin, as agent for plaintiff, took from the defendant the following order:

"GRATIOT, Mich., May 2, 1883.

"*To Charles Grieb, Port Huron, Mich.:* You will please ship me, on or about the first day of June, 1883, one Buckeye light mower, to Port Huron, for which I agree to pay you $77, in manner as follows (reserving, however, the full benefit of the warranty hereon indorsed): $35 cash, with freight from Port Huron, on delivery, and execute approved notes as follows: $35, payable on the first day of January, 1884, with interest at 7 per cent. from delivery; $42, payable on the first day of January, 1885, with interest at 7 per cent. from delivery; $——, payable on the —— day of ——, 188—, with interest at 7 per cent. from delivery. For the purpose of obtaining credit for the above, I certify

that I own, in my own name, —— acres of land in the township of Gratiot, county of St. Clair, and State of Michigan, of which 80 acres are improved, and the whole worth, at a fair valuation, $5,000 over and above all incumbrances, liabilities, and legal exemptions. It is not incumbered, except 1,000 dollars, and the title is perfect. I also own $500 worth of personal property over and above all indebtedness, and not exempt from execution by law.

"P. O. address, Port Huron.

"Taken by W. D. McLaughlin, Agent.

His
" CHAS. × COLE."
Mark.

Across the back of which was printed a blank warranty, with Grieb's printed name appended, as follows:

"Whereas, Mr. —— has this day given us his order for a ——; we hereby agree, in consideration of said order and the faithful performance of the conditions herein mentioned, to warrant said —— one year to be good and well made, and to do as good work as any other machine of its class.

" It is an express condition of this warranty that the directions for using this machine shall be faithfully followed, and if for any reason it fails to perform as warranted, immediate notice of the same must be communicated to the agent to whom the order is given, and if said agent should fail to make the machine perform as warranted, it may be returned, and money or note refunded. And it is also agreed, should the machine be used from day to day or at intervals, or set aside *before* or *after use, without giving said agent notice,* then, in either of said cases, it shall be *conclusive evidence* that the machine is *accepted* and the *warrant is at an end.*

" *Dated* ————.

" CHARLES GRIEB."

The agent delivered this so-called order to the plaintiff, who claims that he accepted it, and delivered to the defendant the said machine on the eighteenth day of July, 1883, but the defendant has neither paid for said machine, nor executed and delivered the notes; and after the time expired when the note for $35 mentioned in the order would have matured had it been executed, the plaintiff brought suit in justice's court to recover the amount claimed to be due at that time.

The plaintiff's declaration was in writing, and, besides the common counts in *assumpsit*, contained a special count, and setting out the substance of the above order, and alleging a delivery of the machine ordered.

The plea was the general issue.

It is always proper, in construing a contract, to take into consideration the position which the parties occupied, and the circumstances under which the agreement was entered into.

The plaintiff resided at Port Huron, and was engaged in the business of supplying mowing-machines to farmers. He was not a manufacturer, but took written orders, and purchased the machines to fill such orders.

Defendant is a farmer, residing in the vicinity of Port Huron, and on the second day of May, 1883, signed the order above set out, and delivered it to plaintiff's agent.

On the trial the plaintiff offered in evidence the aforesaid order, and warranty thereon indorsed, to which the defendant objected because not admissible under the declaration, and as immaterial to the issue. The objection was overruled, and this constitutes defendant's first assignment of error.

This objection is based upon the idea that the paper is incomplete; that the order refers to the warranty on the back, and reserves the full benefit of such warranty, and it appears that the blanks in the warranty were not filled out; and it is claimed, and I think rightly, that the warranty indorsed must be of such legal validity as to support an action thereon by Cole in case of a breach thereof.

By reference to the warranty indorsed, it will be observed that the name of Mr. Cole, and the description of the machine ordered, are omitted, as well as the date. If the warranty stood alone, there could be no doubt that it would be so far incomplete as to render it invalid, because thus standing it lacks the essential qualities of naming the party to be indemnified and the subject-matter. It does not appear from it whether the machine is a steam-thresher or a mowing-machine.

But the reference in the order to the warranty indorsed

thereon constituted the order and warranty one instrument, and when read together no ambiguity or uncertainty appears. The party to whom the warranty is made is the party making the order, and the machine is the machine described in the order, and the date of the order supplies the date to the warranty, for they are contemporaneous, and the warranty has the same force and effect as if embodied in the order itself.

The warrantor is bound by the printed signature which he adopts as his, as fully as if it was in his handwriting.

The order and warranty were properly admitted in evidence at that stage of the case.

The plaintiff gave evidence tending to show that he had complied with the contract on his part, and had delivered the machine at Port Huron within the terms and meaning of the contract, and also had requested defendant to execute the notes, and that defendant declined to accept such delivery, or to execute and deliver the notes. The fact of delivery was controverted by defendant.

The defendant also offered testimony tending to show that the mower which plaintiff claimed to have delivered to defendant was a second-hand machine, showing considerable wear; that the worn parts had been stripped and filled with paint in the wood-work, and parts of it had been painted over after having been used and worn; that the axles had old grease upon them, one set of knives were chipped and broken, and the tongue and neck-yoke considerably worn; that the entire machine had been used one season somewhat: but the court, on objection of plaintiff's counsel, excluded this evidence as not admissible under the plea, and not tending to show the condition of the machine when delivered. The latter portion of this ruling was based upon the fact that the witnesses by whom these facts were sought to be proved did not make the examination of the machine until after the trial in the justice's court in April, 1884. The evidence, however, showed that on the twenty-first of July, 1883, which was three days after plaintiff claims to have sent the machine to defendant's farm and demanded the

60 MICH—26

notes, defendant gave written notice to plaintiff that he refused to purchase it, and that it was there at plaintiff's risk, and to come and take it away; and the testimony was that it had not been used since. There was therefore no reason for excluding the testimony on this ground.

The court erred also in excluding the evidence upon the other ground stated. It was proper for the defendant, under the plea of the general issue, to prove that the article delivered was not the article he purchased. He did not order or purchase a second-hand mowing-machine, or one that had been in use and worn; but the order, taken in connection with the circumstances under which it was made, called for a new machine. A purchase of a machine from a dealer implies that the machine sold shall be new—that is, not second-hand, or the worse for wear—and under such an order the dealer could not impose upon the purchaser a second-hand and worn article, whether it complied with the terms of the warranty or not as to being good and well made, and will do as good work as any other machine of its class.

This evidence, if believed, fairly met and rebutted the plaintiff's case, and tended directly to sustain the defendant's plea, which put in issue each and every allegation of the plaintiff's declaration: *Rodman v. Guilford*, 112 Mass. 405.

The judgment must be reversed, and a new trial ordered.

CAMPBELL, C. J. and MORSE, J. concurred. SHERWOOD, J. did not sit.