BANK *v.* DIBRELL.

(*Nashville.* March 3, ·1892.)

1. NEGOTIABLE INSTRUMENTS. *Notice of non-payment ineffectual, when.*
   Notice to indorser of demand and non-payment of a negotiable note is insufficient, though duly sent by the notary and received by the indorser through the mails, if the notice is unsigned.
   Cases cited and approved: 16 Cal., 375; 10 Mass., 522.

2. SAME. *Indorser's waiver of notice of demand and non-payment.*
   But if the indorser, with full knowledge that such notice is defective and insufficient to bind him, promised to pay the note in consideration of indulgence granted, this is a waiver of all defects in the notice.

3. SAME. *Same. Averments in pleadings.*
   And such waiver of notice may be proved under an averment that notice was given. A count upon the new promise is not essential.
   Case cited and approved: Bogart *v.* McClung, 11 Heis., 117.

FROM WHITE.

Appeal in error from Circuit Court of White County. W. M. HAMMOCK, J.

W. T. MURRAY for Bank.

W. G. SMITH & SON for Dibrell.

LURTON, J. This is an action against an indorser upon a note payable to and at People's National Bank, McMinnville.

The notice of demand and non-payment sent by the Notary Public to the indorser was, in form, proper. It was signed, however, by no one. This was probably inadvertent. It was, for this defect, insufficient as notice. The notice of non-payment, and that the holder will look to the indorser, must be given by the holder, his agent or attorney. An unsigned notice sent by mail is not a notice by the holder or his agent. This was so ruled in 16 Cal., 375. A notice signed by the Notary, by mistake in the name of the maker, was held bad. 10 Mass,, 522.

Upon receipt of this unsigned notice the indorser consulted counsel as to its sufficiency, and was advised that the notice was bad. After this, and with full knowledge of his discharge, he unequivocally promised to pay the note, and obtained indulgence. Such a promise, after knowledge of his discharge, is an admission of notice—an admission of the sufficiency of the notice he had received; and a declaration alleging that notice had been given is sufficient to let in evidence of such a promise; and an allegation that he had made such promise, or a count upon a new promise, is not necessary. *Bogart* v. *McClung*, 11 Heis., 117.

There is no error in the judgment, and it is affirmed.