[L. A. No. 250.  Department One.—November 24, 1897.]

J. H. CARTER, Respondent, v. L. R. TILGHMAN, Appellant.

IRRIGATION DISTRICT—WRIGHT ACT—SPECIAL TAX—SEGREGATION INTO SEPARATE FUNDS.—Under the provisions of the Wright act, a lump sum of money raised by an irrigation district by a special tax, in pursuance of an authorization given by the qualified electors, which directed it to be raised for certain specified purposes, is all equally applicable to the payment of indebtedness incurred for any of such purposes, and the directors of the district have no power to segregate it into several funds corresponding to the purposes specified, so as to limit the right of payment of a legitimate indebtedness to the amount by them directed to be placed to the credit of a particular fund.

ID.—FORM OF WARRANT.—The fact that a warrant issued by the district, for a legitimate indebtedness incurred for one of such purposes, contained a direction that the amount paid thereon should be charged against a particular fund, did not limit the right of the holder to payment from any funds in the hands of the treasurer applicable thereto.

ID.—INDEBTEDNESS INCURRED PRIOR TO TAX.—It is no objection to the payment of the warrant that it was issued prior to the time when the particular money was raised by such special tax.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

Mulford & Pollard, for Appellant.

Edwin A. Meserve, for Respondent

GAROUTTE, J.—This is an appeal from a judgment of mandate which ordered the treasurer of Big Rock Creek Irrigation District to pay certain warrants, issued by the district, from the funds then in the treasurer's hands.  Under authority found in certain provisions of the Wright irrigation act, four thousand dollars was raised by a special tax upon the property of Big Rock Creek Irrigation District.  This tax was directly authorized by the qualified electors of the district, and was raised for the purpose of "the payment of salaries of officers and agents of the district, repairs, maintenance and protection of the ditches and other property and rights of the district."  Subsequently, the board of directors met and apportioned this four thousand dol-

lars to certain specific funds, to wit, one thousand dollars to the "expense fund," one thousand dollars to the "litigation fund," and two thousand dollars to a fund then and there created to be known as the "engineer's fund." The various warrants of the district here involved, in all substantial parts, may be said to be in the following form:

"Treasurer Big Rock Creek Irrigation District will pay to George S. Martin, the sum of thirteen dollars for labor accrued November 1, A. D. 1893, and charge to expense fund.

"Attest:                    JAMES McCOY, President.

"L. C. TILGHMAN, Secretary.

"This indebtedness is payable only when there are funds in the hands of the treasurer applicable therefor."

Some of these warrants were issued prior to the voting of the aforesaid tax.

There were no funds in the hands of the defendant treasurer to the credit of the "expense fund" at the time these proceedings were inaugurated, and for that reason appellant insists that he, as treasurer of the district, could not pay the warrants, and therefore the action must fail. It is also insisted that the warrants were made payable out of a particular fund; that the holders thereof, by accepting the warrants, agreed to look to that fund alone for payment, and the fund being exhausted, they had no remedy. If it be conceded that the legal consequences contended for by appellant follow from the existence of the facts above stated, still petitioner's cause of action is not defeated, for the facts are not as claimed by him. There is no agreement upon the part of the holder of a warrant that he will look to the "expense fund" for the payment of the warrant. The fact that the amount paid upon the warrant is to be charged up to the "expense fund" in no way indicates it. Such course of action would be a mere matter of bookkeeping. Upon the contrary, the warrant expressly states upon its face that any funds in the hands of the treasurer applicable to its payment may be called upon to satisfy it. The question then presents itself: Are there any funds in the hands of the treasurer which may be applied to the payment of these warrants?

There is money in the hands of the treasurer set aside from the proceeds of the aforesaid tax in the "engineer's fund" and in

the "litigation fund." May these moneys be applied to the payment of the warrants forming the basis of this litigation? We are entirely satisfied that such an application may be made of them. As against the holder of warrants the board of directors had no power to indulge in a game of hide and seek with the funds of the district, and certainly not with the funds raised by a vote of the people for certain particular purposes. As a matter of bookkeeping, the board may keep as many accounts or funds as deemed necessary or convenient, but such a system of bookkeeping in no way affects the rights of creditors. If legal justification exists for the application of this four thousand dollars as it was applied, then the entire amount may have been applied and set apart to the "engineer's fund," or some other fund upon which there was no demand whatever, and possibly never would be, and thus the very purposes for which the money was voted by the people be entirely defeated. This tax was voted by the electors of the district for certain specific purposes. When collected it was a fund of itself applicable to the payment of indebtedness incurred for those purposes, and the board of directors had no power to divert it into other channels. Neither could it divert to the payment of certain kinds of indebtedness within legitimate channels, as against other indebtedness standing upon the same plane and equally within the purposes for which the tax was raised. The board must be entirely impartial in the application of the money raised by this tax, and, as warrants are presented for indebtedness incurred for any of the purposes authorized by the act and specified in the call for the election, those warrants should be paid regardless of the status of any particular fund to which these moneys may have been set aside by the board of directors. The entire amount raised by the tax is a common fund to meet all such indebtedness.

The fact that some of these warrants had been issued prior to the time when this particular money was raised by the tax we deem immaterial. We find no reason in the law why any distinction should be made in this regard.

For the foregoing reasons the judgment is affirmed.

Van Fleet, J., and Harrison, J., concurred.