[Sac. No. 280.   Department Two.—June 15, 1898.]

SAMUEL DAVIS, Appellant, v. STATE OF CALIFORNIA,
Respondent.

INDIAN WAR BONDS—INTEREST ON COUPONS—LIABILITY OF STATE.—The state
is not liable to pay interest on its debts, unless its consent to do
so has been manifested by an act of the legislature, or some lawful
contract of its executive officers; and interest cannot be recovered
against the state on interest coupons attached to Indian war
bonds, issued under the act of February 15, 1851. No right to
recover interest on such coupons was created by the act of Febru-
ary 28, 1893, allowing the state to be sued.

APPEAL from a judgment of the Superior Court of Sacra-
mento County.   A. P. Catlin, Judge.

The facts are stated in the opinion of the court.

J. D. Thornton, Freeman & Bates, John Garber, and T. T.
Crittenden, for Appellant.

W. F. Fitzgerald, Attorney General, and W. H. Anderson,
Assistant Attorney General, for Respondent.

McFARLAND, J.—This is an action to recover the amount
due upon certain interest coupons which were attached to bonds
issued by the state of California under an act passed February
15, 1851, "together with legal interest thereon from the respec-
tive dates of maturity of said coupons." The court below ren-
dered judgment for the amount of the coupons, as shown by
their face, but refused to give judgment for interest upon said
coupons, as prayed for by plaintiff. Plaintiff appeals from the
judgment.

The coupons sued on were attached to certain bonds which are
generally known as the "Indian war bonds." The facts with
respect to said bonds are fully stated in the opinions of this court
in the cases of Sawyer v. Colgan, 102 Cal. 283, and Molineux v.
State, 109 Cal. 378, 50 Am. St. Rep. 49, and there need be no
further statement of them here. (See, also, Stats. 1851, p. 520.)
Appellant contends that the court below erred in not giving

judgment for interest on the coupons from the date of their maturity, and this is the only alleged error for which a reversal is asked.

The question here raised by appellant was before this court in the two cases above cited, and was determined against his present contention. When *Sawyer v. Colgan, supra,* was decided, there was in existence no statute or law allowing the state to be sued; and in that case the plaintiff brought *mandamus* against Colgan, the state controller, to compel him to draw his warrants for certain bonds and coupons issued under the said act of 1851, with interest upon the same from the dates of their maturity, but this court held that "the state is not liable to pay interest on its debts, unless its consent to do so has been manifested by an act of the legislature or some lawful contract of its executive officers. (*United States v. North Carolina,* 136 U. S. 211; *Carr v. State,* 127 Ind. 204; 22 Am. St. Rep., 624.)" This was a direct adjudication that interest upon the coupons sued for in the case at bar cannot be recovered against the state.

Afterward, on February 28, 1893, the legislature passed an act allowing itself to be sued (Stats. 1893, p. 57); and appellant contends that some new right is given him, with respect to interest on these coupons, by said last-mentioned act. Shortly after this act went into effect one Molineux commenced an action against the state upon certain coupons detached from said Indian war bonds of 1851, identical in character with those sued on here, and sought to recover interest upon the coupons from their respective dates of maturity. That case was, therefore, identical in every respect with the case at bar. The court below rendered judgment in favor of Molineux, for the coupons and interest, as there prayed for; but on appeal this court modified the judgment of the lower court by disallowing the interest, and held that no right to recover interest on said coupons had been created by the said act of February 28, 1893. (*Molineux v. State, supra.*)

The authorities above cited definitely determine the point made by appellant adversely to his contention. This counsel for appellant concede; but in several briefs and in oral arguments they have strenuously, elaborately, and ably argued that those cases—and particularly *Molineux v. State, supra*—were

wrongly decided, and should be overruled.    We do not deem it
necessary to review their learned arguments and to again enter
upon a discussion of the question involved; it is sufficient to say
that, after full consideration of their views, we are satisfied with
the conclusion heretofore reached.    It may be added, however,
that counsel seem to treat the act of February 28, 1893, as an
admission that the state is liable for interest on the coupons, and
a legislative declaration that the state will pay it; and that, in
our opinion, this view of that act is entirely unwarranted.
Counsel say, in one of their briefs, that the act "was passed in
part, at least, to pay this debt, and others like it."    But there is
no special reference in the act to the claim here sued on, nor is
there any reference to any particular demand whatever.    The
act is a general one.    The title is "An act to authorize suits
against the state, and regulating the procedure therein."    It is
not its purpose to admit the validity of any asserted demand, and
to require the controller to draw his warrant for its amount
(which would be the natural form of an act for such a purpose);
on the contrary, it relates to disputed claims—claims "not al-
lowed by the state board of examiners"—and authorizes persons
asserting such claims "to bring suits thereon against the state
in any of the courts," etc., and expressly declares that "it shall
be the duty of the attorney general to defend all such suits."
The act is a mere waiver, within certain bounds, of the state's
sovereign prerogative not to be sued.    It says to one whose
claim has been rejected by the board ,"If you still think that you
have a legal claim against me, I authorize you to sue me and I
will abide by whatever the court shall decide."    The act only
put the appellant in the same position, with respect to his as-
serted claim, which he would have occupied at any time during
the last forty years, if during that time there had been an exist-
ing general act allowing the state to be sued; but, if such had
been the case, while he could have sued for interest on the cou-
pons, he could not have recovered, because, as we have seen, such
interest does not constitute a cause of action against the state.
It clearly was not the intent of the act to increase the liability of
the state on the coupons in question; or, indeed, to give any new
right, other than the right to sue, to any claimant whomsoever.
There never was any question about the liability of the state to

pay the face of the coupons, for that was expressly provided for by the act of 1851.

The judgment appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.