[Civ. No. 77.   Third Appellate District.—March 15, 1906.]

A. HEWEL, Respondent, v. B. P. HOGIN, Treasurer of Modesto Irrigation District, Appellant.

APPEAL—ARGUMENT OF COUNSEL—REVIEW.—The appellate court will notice only the assignments of error and specifications of insufficiency of the evidence discussed in the briefs and argument of counsel for appellant.

ACTION FOR WRIT OF MANDATE—REFUSAL TO ALLOW AMENDMENT OF ANSWER AT TRIAL—SUFFICIENCY OF RULING—PRESUMPTION.—Upon the trial of an application for a writ of mandate, where the court clearly indicated that the application of defendant for leave to amend

its answer after plaintiff had rested his case would be denied, its fail-
ure to make a formal ruling denying it is not reversible error; but it
must be assumed upon appeal that the application was denied.

ID.—MANDAMUS TO TREASURER OF IRRIGATION DISTRICT—OUTLAWED
COUPONS—AMENDMENT TO ANSWER—WAIVER—DISCRETION.—In an
action for a writ of mandate to compel the treasurer of an
irrigation district to pay interest coupons on the bonds of the dis-
trict, some of which were more than four years old, where the
statute of limitations as to such coupons was not pleaded by de-
murrer or answer, it was not an abuse of discretion to refuse to
permit the defendant, after plaintiff had rested his case, to amend
his answer by pleading the statute of limitations, where such plea
amounted to nothing more than a tardy demurrer to the complaint,
and it cannot be said that the ends of justice were defeated by
the ruling.

ID.—NECESSITY OF PLEADING STATUTE BY MUNICIPAL CORPORATION OR
OFFICER—WAIVER.—It cannot be successfully urged that the stat-
ute of limitations is in issue in favor of a municipal corporation
or its officer, whether pleaded or not; but the rule that the de-
fense of the statute of limitations is a privilege personal to the
debtor is applicable to municipal corporations or to a municipal
officer in common with other debtors; and such defense, if not
properly pleaded by the corporation or its officer in any legal pro-
ceeding, must be deemed waived.                              .

ID.—BONDS NOT OUTLAWED—LEVY BY DIRECTORS TO PAY INTEREST—
DEFENDANT NOT PREJUDICED BY RULING.—Where the bonds of the
irrigation district were not outlawed, and a resolution by its board
of directors showed on its face that an assessment was levied to
pay the interest on the outstanding bonds, and money enough was
paid to the defendant treasurer to redeem plaintiff's coupons which
was not available until within two years before the commencement
of the proceeding, the defendant was not prejudiced by the rul-
ing refusing his application for leave to amend by pleading the
statute at the trial.

ID.—SIGNATURE TO COUPONS—DENIAL ON INFORMATION AND BELIEF—
ADOPTION OF LITHOGRAPHIC SIGNATURE.—Where the signature of
the secretary of the irrigation district to the coupons sued upon
was denied by the answer of the treasurer, on information and be-
lief, no issue was raised thereby; but where said coupon bears
the lithographic signature of the secretary adopted by him, his
signature was sufficiently proved.

ID.—RESOLUTION OF BOARD OF DIRECTORS—PAROL EVIDENCE INADMIS-
SIBLE.—The court properly refused to allow the defendant to show
by parol evidence that the purpose of the assessment under which
a large sum in his hands was derived to pay interest on bonds

was other and different from that disclosed in the resolution of the directors levying the assessment.

ID.—INADMISSIBLE CHANGE OF FUND AFTER DEMAND.—The court properly refused to admit in evidence a resolution of the board of directors passed after demand by the plaintiff for payment of his interest coupons, transferring all moneys raised for the payment of coupons and interest to the payment of interest on refunded bonds. The board could not thereby defeat plaintiff's right to have the money collected for the purpose applied to the payment of the coupons held by him.

ID.—MANDAMUS A PROPER REMEDY.—*Mandamus* is a proper remedy to enforce the right of the plaintiff to the payment of his coupons and interest.

ID.—TRIAL BY JURY NOT AN ABSOLUTE RIGHT—DISCRETION.—The trial by jury of the issues raised in action for a writ of mandate is not an absolute right of the defendant; and it was not an abuse of discretion to refuse to allow disputed questions of fact to be so tried.

ID.—INTEREST ON COUPONS NOT ALLOWABLE ON MANDAMUS.—The plaintiff was not entitled to recover interest on the interest coupons from the date of their maturity, or the demand made upon the defendant in *mandamus*. Any personal liability of the defendant for interest or damages for refusal to comply with the demand cannot be ·enforced through the medium of a writ of mandate.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order denying a new trial. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Dennett & Walthal, for Appellant.

Wm. O. Minor, for Respondent.

McLAUGHLIN, J.—This is an application for a writ of mandate commanding defendant, as treasurer of Modesto irrigation district, to pay the interest on certain bonds. The petition sets forth the corporate organization and capacity of the district, the official relation of defendant thereto, and his refusal to pay certain interest coupons upon demand, notwithstanding that he had sufficient money in his hands available for such purpose. It appears therefrom that plain-

tiff is the owner and holder of four bonds for $500 each, issued by said district on January 1, 1902, bearing interest at the rate of six per cent per annum, and that certain interest coupons attached to said bonds were due and payable at the time demand for payment was made. That he also owns twelve interest coupons for $15 each, which were detached from bonds for a like sum, bearing interest at the same rate, issued January 1, 1890. The aggregate sum claimed is $1,096.40, of which sum $162.40 is for interest on the interest coupons above mentioned, accruing after said coupons became due and payable. It is alleged generally that the payment of the several sums included in the total demand is a duty resulting from the office held by defendant, and that the plaintiff is the party beneficially interested in such payment. A general demurrer to the petition was overruled, and the defendant, answering, traversed all the averments of the petition, save those relating to the corporate capacity of the district, and defendant's official connection therewith. All of the denials, and most of the affirmative averments, were based on want of information or belief, but it was positively alleged that defendant at no time had in his hands money applicable to the payment of plaintiff's claim. The court sustained a demurrer to several special defenses set up in the answer, and the cause was tried on the pleadings above epitomized. Judgment was entered commanding the defendant to pay the full sum demanded, and he appeals from such judgment and from the order denying his motion for a new trial.

We will notice only the assignments of error and specifications of insufficiency of the evidence discussed in the briefs and argument. (*Humphrey* v. *Pope,* 1 Cal. App. 374, [82 Pac. 223] ; *People* v. *Woon Tuck Wo,* 120 Cal. 297, [52 Pac. 833].) During the course of the trial, and after the plaintiff had rested his case, the defendant applied to the court for leave to amend his answer by alleging as a separate defense that the cause of action as to several of the coupons was barred by the provisions of section 337 of the Code of Civil Procedure. The court clearly indicated that the application would be denied, but it is insisted that the failure to make an

additional formal ruling constitutes reversible error. Under the circumstances, and in view of what was said by the court, it must be assumed that the application was denied. (*Summerville* v. *Kelliher,* 144 Cal. 160, [77 Pac. 889].) There was no abuse of discretion in denying the application to amend. If, according to a contention to be noticed later, the court was bound to pass upon the question suggested in any event, then the amendment was entirely immaterial. If it was necessary to plead the bar of the statute specially, then such amendment amounted to no more than a tardy demurrer to the complaint. Amendments setting up the bar of the statute of limitations are allowed only in furtherance of justice, and we cannot say that the ends of justice were defeated in this instance by refusing to permit the amendment. (*Wise* v. *Williams,* 72 Cal. 548, [14 Pac. 204] ; *Stuart* v. *Lander,* 16 Cal. 375, [76 Am. Dec. 538] ; *Coake* v. *Spears,* 2 Cal. 412, [56 Am. Dec. 348] ; *Bank* v. *Heron,* 122 Cal. 109, [54 Pac. 537] ; *Bliss* v. *Sneath,* 119 Cal. 528, [51 Pac. 848] ; *Pleasant* v. *Samuels,* 114 Cal. 38, [45 Pac. 998 ].)

It was urged in the petition for rehearing that the facts pleaded and proven show that a number of the interest coupons became due and payable more than four years before the action was commenced, and it is argued that defendant as a public officer was bound to refuse payment as to such coupons. In other words, it is said that under the facts it was not defendant's duty, specially enjoined by law, to pay the "outlawed" coupons. As a conclusion from his premise and argument, counsel for appellant earnestly insists that in a proceeding of this kind against an officer of a municipal corporation, the bar of the statute of limitations is always an issue, whether it is pleaded or not. At the outset, we were impressed by the plausible and able argument of counsel in support of his position, but careful analysis and research have convinced us that the rule is, and should be, the other way. For many years, able lawyers in this state and elsewhere contended that a municipal corporation held its funds as a trustee for those having demands, for the payment of which the money was provided, and that it could not plead the statute of limitations against a person having a claim which

was payable out of such funds. It was argued that a municipal corporation, like a bank, was simply the custodian of special funds, holding the same for the benefit of those who were or might be entitled thereto.

It is apparent at a glance that this contention was dia-metrically opposed to the contention here. The courts, however, declined to adopt that extreme, though reasonable, view and we understand the rule to be that the defense of the statute of limitations is a privilege personal to the debtor, and that a municipal corporation, in common with other debtors, may waive or avail itself of such defense in any legal proceeding. (Code Civ. Proc., secs. 1089, 1091; *Bates* v. *Gregory,* 89 Cal. 398, [26 Pac. 891]; *Underhill* v. *Trustees,* 17 Cal. 178; *Barnes* v. *Glide,* 117 Cal. 8, [59 Am. St. Rep. 153, 48 Pac. 804].) But while this is the general rule, it has been pointedly held, in a case very similar to the case at bar, that "when payment is provided for out of a particular fund, or in a particular way, the debtor cannot plead the statute of limitations without showing that the particular fund has been provided or the method pursued." (*Sawyer* v. *Colgan,* 102 Cal. 292, [36 Pac. 580].) Instead of making any such showing in the proposed amendment, or elsewhere in his pleadings, appellant affirmatively alleged that no fund was at any time provided for the payment of the interest coupons in question. Our attention has not been directed to any statute forbidding payment of such demands after the bar of the statute has intervened, and as all municipal corporations and bodies act through public officers, it follows that, unless the statute of limitations is set up by demurrer or answer, in this or any other legal proceeding against a public officer, the defense must be deemed waived. The resolution adopted by the board of directors in 1903 shows on its face that an assessment was levied to pay the interest on "outstanding six per cent bonds," and it is not pretended that money enough was not paid into the hands of defendant under such assessment to redeem the plaintiff's coupons. It nowhere appears that any money was available for such purpose earlier than 1902. This coupled with the further fact that no pretense is made that the bonds were barred by the statute, makes it certain

that defendant was not prejudiced by the ruling refusing his application for leave to amend. (*Freehill* v. *Chamberlain,* 65 Cal. 604, [4 Pac. 646] ; *Meyer* v. *Porter,* 65 Cal. 74, [2 Pac. 884] ; *Bates* v. *Gregory,* 89 Cal. 392, [26 Pac. 891] ; *Sawyer* v. *Colgan,* 102 Cal. 292, [36 Pac. 580] ; *Barnes* v. *Glide,* 117 Cal. 9, [59 Am. St. Rep. 153, 48 Pac. 804].)

It is next contended that there is no evidence tending to show that the coupons were ever signed by the secretary of the irrigation district. As the denials touching this phase of the case are based on information and belief, there was no issue on that point. (*Mulcahy* v. *Buckley,* 100 Cal. 489, [35 Pac. 144] ; *Weill* v. *Crittenden,* 139 Cal. 489, [73 Pac. 238] ; *County of Mendocino* v. *Peters,* 2 Cal. App. 24, [82 Pac. 1122].) But as each coupon bears the lithographic signature of the secretary adopted by him, there is nothing in the point, anyway. (*Pennington* v. *Baehr,* 48 Cal. 565; *Williams* v. *McDonald,* 58 Cal. 529; *McKee* v. *Vernon County,* 3 Dill. 210, [Fed. Cas. No. 8851] ; *Grieb* v. *Cole,* 60 Mich. 397, [1 Am. St. Rep. 533, 27 N. W. 579] ; *Mezchen* v. *More,* 54 Wis. 217, [11 N. W. 534].)

The next point made is that there was no evidence to show that defendant had in his hands money available for the payment of the coupons when demand was made. As the coupons held by plaintiff were for interest on outstanding six per cent bonds, it seems clear that a large portion, at least, of the sum of $12,442.50 in defendant's hands at that time, was available for the purpose of paying them. (*Carter* v. *Tilghman,* 119 Cal. 106, [51 Pac. 34].) The court did not err in refusing to allow the defendant to show by parol testimony that the purpose of the assessment levied was other and different from the purpose as disclosed in the resolutions adopted by the board of directors, at the time the assessment was levied. Nor did it err in refusing to admit the resolution of the board, transferring all moneys to the fund applicable to the payment of the interest on refunded bonds. The bonds and coupons held by plaintiff had not been refunded, and the board could not, by transfer, immediately after his demand was made, defeat plaintiff's right to have money collected for that purpose applied to the payment of the coupons

held by him. (*Carter* v. *Tilghman,* 119 Cal. 106, [51 Pac. 34]; *Higgins* v. *San Diego,* 131 Cal. 303, [63 Pac. 470].)

We find no error in other rulings on the admissibility of evidence, and it could serve no useful or beneficial purpose to discuss each alleged error in detail.

Mandate will lie for the enforcement of the right here asserted. (Code Civ. Proc., sec. 1085; *Meyer* v. *Widber,* 126* Cal. 254, [58 Pac. 532]; *Mitchell* v. *Patterson,* 120 Cal. 286, [52 Pac. 589].) The defendant had no absolute right to a trial by jury, and it was not an abuse of discretion to refuse to allow disputed questions of fact to be so tried. (Code Civ. Proc., sec. 1090; *Woods* v. *Varnum,* 85 Cal. 645, [24 Pac. 843]; *Cassiday* v. *Sullivan,* 64 Cal. 266, [28 Pac. 234].)

The plaintiff was not entitled to interest on the interest coupons from the date of their maturity, or the demand made. (*Davis* v. *Porter,* 66 Cal. 659, [6 Pac. 746]; *Bates* v. *Gerber,* 82 Cal. 550, [22 Pac. 1115]; *Kendall* v. *Porter,* 120 Cal. 108, [45 Pac. 333, 52 Pac. 143]; *Sawyer* v. *Colgan,* 102 Cal. 293, [36 Pac. 580]; *Davis* v. *State,* 121 Cal. 211, [53 Pac. 555].) No provision of law establishes a liability for such interest, and the district of which defendant is treasurer has made no provision for the payment of the same. But it is urged that appellant is liable therefor by reason of his failure to pay the interest coupons on demand. If it be conceded that he could, under any circumstances, be personally liable for such interest, such liability would be in the nature of a penalty, or for damages, and we are clearly of the opinion that such a liability cannot be enforced through the medium of a writ of mandate.

The order denying a new trial is, therefore, affirmed, and the judgment appealed from is hereby modified by deducting therefrom the sum of $162.40, the amount of interest erroneously included therein, and by striking therefrom the provision for interest from the first day of January, 1904. As so modified, the judgment is hereby affirmed, the respondent to pay the costs of this appeal.

Chipman, P. J., and Buckles, J., concurred.