## Hollidaysburg School District Bond Issue.

O'HARA, Deputy Attorney General, April 23, 1931.—Upon your request, we have examined the extracts from the minutes of the Board of Directors of the Hollidaysburg School District pertaining to the bond issue of $40,000, the levying and assessing of a tax for the payment of principal and interest thereon and a sinking fund therefor.

We note that the school district now has in the sinking fund, created pursuant to the provisions of these resolutions, an amount slightly in excess of $40,000, and that the amount of said bond issue which now remains unpaid is $39,500.

The school district proposes, if it be lawful, to transfer all moneys in excess of $19,500 (being the amount which, based on the flat tax fixed in resolutions authorizing the bond issue and levying the tax, should be in the sinking fund at this time) from the sinking fund to the general operating account of the district.

You desire to be advised whether, under the provisions of the Act of May 18, 1911, P. L. 309 (School Code), and its amendments, such transfer may be made.

An examination of the resolutions and form of bond discloses that the issue is for $40,000, covering eighty bonds in the sum of $500 each, payable to bearer, redeemable at the option of the school district on and at any interest-paying period after May 28, 1935, and payable in any event on May 28, 1945, with interest at $4\frac{1}{2}$ per centum per annum, free of all taxes.

The bonds recite that they are issued for the purpose of enlarging, equipping and furnishing the central school building of the district, establishing therein a high school, and the improvement of grounds and the present site, under the authority of the Act of April 20, 1874 [P. L. 65], its amendments and supplements, the Act of May 18, 1911, P. L. 309, and pursuant to the several resolutions of the board of directors of the district adopted at a meeting of the

board held on April 19, 1915, and the assent of the qualified electors of the district at an election held on May 25, 1915, and of certain resolutions adopted May 28, 1915. They also certify that the indebtedness covered by this issue of bonds was incurred at the time of assessing and levying the annual school taxes, and that provision has been made for the collection of the annual taxes sufficient to pay the interest and also the principal thereof at maturity.

An examination of the resolution therein referred to and adopted by the school district on May 28, 1915, discloses that it thereby levies on all taxable property within the district a tax amounting to $1800 per annum, to be collected annually for the purpose of paying the interest on these bonds, and that it likewise assesses and levies on all taxable property within the district a tax amounting to $750, to be collected annually for the purpose of providing a sinking fund to make payment of these bonds within thirty years as provided by law. The resolution provides that these taxes shall be collected the same as other taxes of the district and shall be applied exclusively to the purpose aforesaid, and that in order to raise the amounts above stated a rate of one and one-half mills is fixed.

An examination of the amended resolution, adopted September 27, 1915, at a special meeting of the board held for the purpose of adopting a resolution to amend a resolution adopted on May 28, 1915, authorizing this issue of bonds and for the further purpose of adopting a resolution to amend a resolution adopted May 28, 1915, levying a tax to pay the principal and interest on this issue, discloses that the form of bond is the same as that set forth in the resolution of May 28, 1915; that a levy is therein made upon all taxable property within the district of a tax amounting to $1800 per annum, to be collected annually for the purpose of paying the interest on these bonds, and a levy is likewise made of a tax for the fiscal year beginning July 1, 1916, of $1916.68, and for the fiscal years beginning July 1, 1917, to July 1, 1944, inclusive, of a tax amounting to $1333.34, to be collected annually for the purpose of providing a sinking fund to make payment of these bonds, and that the tax of $1800 for the purpose of payment of interest and the taxes of $750 for the purpose of providing a sinking fund for these bonds as levied and assessed for the fiscal year beginning July 1, 1915, were ratified, approved and confirmed. It further provided that "the said taxes shall be collected the same as other taxes of the school district . . . and shall be applied exclusively for the purpose aforesaid."

The obligation of the district created by this issue must be determined by an examination of the resolutions, as well as the form and terms of the bond.

The enabling resolution and bond provide that the tax when collected shall be applied exclusively to the purpose of paying the principal and interest of said bonds, and the application of the tax levied and collected under its terms to the payment of other debts of the district would constitute a breach of contract.

Where a tax is raised for a particular purpose, the fund when collected cannot be applied, in the absence of statutory authorization, to any other purpose than that specified: Coler et al. v. Board of Commissioners of Stanly County et al., 89 Fed. 257, 260 (affirmed in 190 U. S. 437) ; Clark v. Sheldon (N. Y.), 12 N. E. 341. In the present case, the transfer as proposed cannot be made because such transfer would be not only a breach of the terms of the obligation, but also because there is no statutory authorization for transfer of moneys raised by tax levied and assessed for a particular purpose to the general fund of the district subject to disbursement for general purposes: City of Chicago et al. v. Brede (Ill.), 75 N. E. 1044, 1046.

Neither may the fund be subdivided or reapportioned so as to make a part of it unavailable for the purpose for which it was raised: Carter *v.* Tilghman (Cal.), 51 Pac. 34. Nor may a statute authorizing the transfer of moneys from a sinking fund created for a particular purpose to the general fund of the district, enacted subsequent to the issue of the bonds, authorize such transfer in prejudice of the rights of bondholders.

We note, however, that there is now in the sinking fund an amount in excess of $39,500, the amount required for the payment of the principal amount covered by such issue. In such case, the tax may not be continued after the purpose for which it was authorized has been accomplished. That portion of the fund accumulated by the annual tax of $1333.34, which is in excess of $39,500, may be applied in reduction of the annual levy of the tax for the payment of interest or for the loan tax due the Commonwealth on this issue, but, in our opinion, may not otherwise be applied at this time: Louisville *v.* Murphey (Ky.), 5 S. W. 194, 197.

From C. P. Addams, Harrisburg, Pa.