(136 So. 489)

## In re OPINIONS OF JUSTICES.

### No. 14.

Supreme Court of Alabama.

May 28, 1931.

Response of the Justices of the Supreme Court to a question propounded by the Senate as to the validity of a statute authorizing the issuance of interest-bearing warrants by the State.

Question answered.

### Senate Resolution.

S. R. 86. By Mr. Lapsley:

Be it resolved by the Senate of Alabama as follows:

That the Justices of the Supreme Court of Alabama be and they are hereby requested to render a written opinion upon the following important constitutional question involved in Senate Bill No. 405, namely:

Are the provisions of said bill, authorizing the issuance of principal warrants and coupon interest warrants, in payment of the past-due indebtedness of the state, and in payment of interest thereon until the payment of such principal warrants, and providing an appropriation for the payment of both said principal and interest warrants, contrary to section 213 of the Constitution of Alabama?

Be it further resolved that a copy of said bill be submitted to the Justices of the Supreme Court with this resolution.

The following is a copy of Senate Bill No. 405:

"S. B. 405

"By Mr. Lapsley.

"A bill to be entitled an act to authorize and provide for the payment of the past due indebtedness of the State; to define and provide for the registration of warrants, claims and accounts representing such indebtedness; to provide for the issuance of warrants in payment of interest thereon; to provide for the time and manner of payment of the warrants authorized to be issued under this Act; and to make an appropriation for the payment thereof.

"Be it enacted by the Legislature of Alabama:

"Section 1. That the past due indebtedness of the State within the meaning of this Act shall be construed to include the following:

"(a) All warrants, claims and accounts due by the State to any person, firm, corporation, institution or Board of Trustees and which have been duly registered under the provisions of an Act entitled "An Act to determine the amount of the outstanding current debt of the State of Alabama and to require all unpaid state warrants and accounts to be registered by the State Treasurer" approved January 31, 1931; except as hereinafter provided;

"(b) All unpaid warrants and accounts which may be registered with the State Treasurer on or before July 1, 1931; except as hereinafter provided;

"(c) All unmatured State warrants which may have been issued to pay or refund any past due debt or warrant and which may be registered with the State Treasurer on or before July 1st, 1931, except as hereinafter provided;

"But the' term past due indebtedness, as herein used, shall not include the following:

"(a) Any state warrant issued to any department or trust fund of the State;

"(b) Any claim or account due to any department or trust fund of the State;

"(c) Any state warrant for any appropriation not due and payable on or before July 1, 1931; ·

"(d) Any warrant, claim or account issued or incurred after the passage of this Act;

"Section 2. That the State Auditor be and he is hereby authorized and directed, with the approval of the Governor, Attorney General and State Treasurer, to issue warrants in payment of the past due indebtedness of the State as defined in Section 1 of this Act, such warrants to be dated July 1, 1931, drawn by the State Auditor upon the State Treasurer, and to be issued to the respective owners or holders of the registered warrants, claims, or accounts representing such past due indebtedness; as defined in Section 1 hereof such warrants to be issued in denominations of $100.00, $500.-00, $1000.00, $5000.00 and $10,000.00; payable as follows:—One tenth of the warrants issued for each registered warrant, claim or account herein authorized to be paid shall be payable on or before January 1st, 1932; one-tenth payable on or before January 1, 1933; one-tenth payable on or before January 1, 1934; one-tenth payable on or·before January 1, 1935; one-tenth payable on or before January 1, 1936; one-tenth payable on or before January 1, 1937; one-tenth payable on or before January 1, 1938; one-tenth payable on or before January 1, 1939; one-tenth payable on or before January 1, 1940; one-tenth on or before January 1, 1941, except that for any such registered warrant, claim or account for more than $100.00 and less than $1,000.00 the warrants therefor shall be in denominations of $100.00 each payable on or before January 1, 1931, and on or before January 1st of each year thereafter until paid, and warrants for any such registered warrant, claim or account for not more than $100.00 or for any fraction of less than $100.00 shall be payable on demand;

"Section 3. That attached to each of said principal warrants shall be separate coupon warrants drawn by the State Auditor on the State Treasurer, payable to the holder or owner of said principal warrant, in payment of semi-annual interest on the amount of the principal warrant at the rate of 5% per annum, from July 1, 1931, the same being payable on or before January 1, 1932, and on or before July 1, 1932, and on or before each semi-annual period of January 1, and July 1st thereafter until the maturity of said warrant;

"Section 4. That if any principal warrant is paid before maturity, the coupon warrants for any unaccrued or unearned interest thereon, or any portion of the unaccrued or unearned interest, shall be void as to any such unearned or unaccrued amount and shall be surrendered and cancelled upon the payment of the principal and accrued portion of the coupon interest warrant;

"Section 5. That the warrants herein authorized to be issued shall be approved by the Governor, Attorney General and State Treasurer, which approval shall be evidenced by a certificate attached to, or incorporated in each of said warrants and the signatures of the Governor, Attorney General and State Treasurer may be lithographed or facsimile signatures thereof stamped upon said certificate of warrant; and the form of said warrants and coupon warrants to be attached thereto shall be prepared or approved by the Attorney General; and such warrants and coupon warrants shall be lithographed or printed; said coupon warrants to be in the form of separate warrants drawn by the State Auditor upon the State Treasurer in the amounts and payable as herein provided;

"Section 6. The warrants herein authorized to be issued shall bear a series and number, and be subject to registration by the owner or holder thereof, or by any subsequent owner or holder thereof, the registration and record of which shall be kept by the State Treasurer;

"Section 7. That the warrants herein authorized to be issued shall be payable out of the general fund of the State Treasury; and for the year 1931 there is hereby appropriated from any funds in the State Treasury, not otherwise appropriated, such amount as may be necessary to pay the warrants herein authorized to be issued payable on demand; and for the year 1932, and for each year thereafter, up to and including the year 1941, there is hereby appropriated from any funds in the State Treasury, not otherwise appropriated, such amount as may be necessary to pay the warrants (both as to principal and interest) issued hereunder and maturing in such years, respectively;

"Section 8. That the aggregate amount of principal warrants herein authorized to be issued shall not exceed the sum of $15,000,-000.00;

"Section 9. That each warrant, claim or account representing the past due indebtedness herein authorized to be paid shall be first passed upon and approved for payment by the Governor, Attorney General, State Auditor and State Treasurer before payment thereof under the provisions of this Act;

"Section 10. That nothing herein shall be construed to repeal or affect any appropriation or portion thereof not herein authorized to be paid;

"Section 11. That all laws or parts of laws in conflict with the provisions of this Act be and the same are hereby repealed;

"Section 12. That if any section, clause or provision or portion of this Act shall be declared unconstitutional or invalid, it shall not be held to invalidate or affect the remaining sections, provisions or portions thereof, not in and of themselves invalid or unconstitutional."

Response of the Justices.

To the Senate of Alabama:

Answering your inquiry concerning Senate Bill 405, the undersigned justices of the Supreme Court of Alabama are of the opinion that the financial scheme therein disclosed is violative of section 213 of our state Constitution.

Signed, this the 28th day of May, 1931.
JOHN C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
A. B. FOSTER,
Associate Justices.