(Decided June 30th, 1898.)

---

THE PRENTISS TOOL AND SUPPLY COMPANY ET AL. *vs.* WHITMAN & BARNES MANUFACTURING COMPANY.

*Priority of Lien of Execution— Receivers— Costs.*

A writ of *fi. fa.* was issued on a judgment and laid in the hands of the sheriff on the same day that a receiver was appointed for the defendant corporation, but before such appointment was actually made, and a levy was made on defendant's property before the receiver qualified and took possession. *Held,* that the lien of the execution creditor

was entitled to priority; Code, Art. 23, sec. 269, providing that the assets of a corporation shall be vested in receivers from the time of their qualifying.

Where an execution creditor consents that the property upon which he levied, shall be sold by a receiver appointed for the defendant, and that the proceeds of such sale shall stand in place of such property, he should not be charged with costs arising from a delay in making the sale for which he was not responsible.

Appeal from an order of the Circuit Court for Washington County (SLOAN, J.). The principal items of expense not charged in the auditor's account against the fund realized from the sale of the personal property levied upon by the execution creditor, consisted of rent of the premises where the property of the Surbridge Company was kept, and the cost of a watchman for the same.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, BOYD and PEARCE, JJ.

*T. A. Poffenberger* (with whom were *Alexander Armstrong, Norman B. Scott, Jr., J. Augustine Mason* and *C. A. Little* on the brief) for the appellant.

*Alexander R. Hagner*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The question in this case is a narrow one, and is presented upon certain exceptions filed by the creditors of the Surbridge Manufacturing Company of Washington County to the auditor's second report distributing the proceeds of a receiver's sale of personal property, which had been levied on under a *fi. fa.* issued on a judgment held by the Whitman and Barnes Manufacturing Company, the appellee.

There were several exceptions to the account, but this appeal is from the order ratifying the auditor's account No. 2 in so far as it sustains the distribution of

the fund to the appellee in part payment of its judgment, filed in the case. The facts of the case briefly stated are these: On the 9th of February, 1894, a creditor's bill was filed in the Circuit Court for Washington County to wind up the affairs of the Surbridge Manufacturing Company of that county, through the hands of a receiver, and at 1 o'clock P. M. on the 19th of the same month and year, F. W. Mish was appointed receiver with power and authority to take charge and possession of its property and effects. His bond was filed and approved on the same day. On the 12th of February, 1894, the appellee obtained a judgment in the Circuit Court for Washington County against the Surbridge Manufacturing Company, and on the 19th day of February, 1894, a *fi. fa.* was issued upon a petition and order of Court, provided by a local law of Washington County, Act of 1886, chap. 264.

It further appears by an agreement of counsel filed in the case that this execution was laid in the hands of the sheriff about 11.30 A. M. on February 19th, 1894, and the levy on the personal property was made by the sheriff at twenty minutes after 2 P. M. on the same day. While the receiver did not take actual possession of the property until after the making of the levy, the sale was made by him in pursuance of an agreement which reserved whatever lien the appellee may have acquired by virtue of the levy.

The real controversy, then, is over the title to the property sold by the receiver and the disposition of the fund arising from the sale, and this, we think, is settled by the fact that the receiver was not appointed until sometime after the *fi. fa.* was placed in the hands of the sheriff. It is agreed that " the execution was issued and laid in the hands of the sheriff about 11.30 o'clock A. M. on February 19, 1894, and that about one o'clock of the same day the Court appointed Frank W. Mish receiver, and that he immediately filed his bond with the clerk of the Circuit Court for said county, and that the levy on the personal property was made by the sheriff at twenty minutes after 2 P. M. on the same day."

A lien fastens upon personal property from the time of the delivery of the writ of *fi. fa.* to the sheriff. *Selby* v. *Magruder*, 6 H. & J. 454; *Furlong* v. *Edwards*, 3 Md. 100. The execution in this case was not only issued and in the hands of the sheriff before the appointment of the receiver, but the levy was actually made before the receiver had taken possession of the property. Under the provisions of our Code, Art. 23, sec. 269, where receivers are appointed by the Court, upon or before the dissolution of a corporation, they shall be vested with all the estate and assets of every kind belonging to such corporation from the time of their qualifying as receivers. *Frank* v. *Morrison*, 58 Md. 440; *Gaither* v. *Stockbridge*, 67 Md. 237. The cases of *Farmer's Bank of Delaware* v. *Beasten*, 7 Gill and Johnson 428 and *Everett, Adm.* v. *Neff*, 28 Md. 187, have no application to the facts of this case.

As to the question of costs, we fully agree with the learned judge who decided this case below, that the distribution by the auditor of the costs of maintaining and disposing of the property was certainly an equitable one. The attaching creditor consented that the receiver should sell the property levied on, and that the proceeds should stand in place of the property, because its title under the attachment was being attacked. If the sale was delayed and unusual expense incurred in its management it was not the fault of the attaching creditor. The latter makes no objection to its part of the fund being charged with an amount greater than the Court would probably have allowed. The order of the 19th of January, 1898, overruling the exceptions filed by the Prentiss Tool and Supply Company and others and ratifying and confirming auditor's account No. 2 will be affirmed.

*Order affirmed with costs.*

(Decided June 30th, 1898.)