[Sac. No. 1054.   Department One.—July 19, 1904.]

## J. T. SUMMERVILLE, Appellant, v. D. E. KELLIHER et al., Respondents, and W. J. HERSOM, Trustee in Bankruptcy of J. D. Stuart, Appellant.

LEASEHOLD INTEREST—JUDGMENT LIEN—EXECUTION SALE—INCEPTION OF PURCHASER'S RIGHT.—A judgment against a lessee is not a lien on his leasehold interest; and where there is no levy thereupon under execution the right of the purchaser takes its inception from the time of the sale, or from the time of giving notice thereof.

ID.—CHATTEL MORTGAGE OF CROP—DELAY IN RECORD.—A chattel mortgage given by the lessee upon his interest in the crop is not rendered void by a delay of fifteen days in recording it after execution thereof as against a subsequent sale of the leasehold interest under execution, after the record of the mortgage.

ID.—RIGHT OF POSSESSION OF MORTGAGEE—MORTGAGE NOT WAIVED BY ENTRY.—Where the chattel mortgage provided for possession by the mortgagee upon failure of the mortgagor to harvest, thresh, and sack the crop, when fit for harvest, and neither the mortgagor nor his trustee in bankruptcy offered to fulfill the conditions, the taking of possession by the mortgagee for that purpose was not unlawful or tortious, and did not waive or extinguish the lien of his mortgage.

ID.—EXECUTION SALE SUBJECT TO MORTGAGE—RIGHT OF REDEMPTION—VALUE OF CROP—IMMATERIAL OMISSION IN FINDINGS.—Where the rights of the purchaser at the execution sale were subject to the chattel mortgage, and the mortgagee claims no other right in the lessee's interest in the crop than that of mortgagee, and the amount of the mortgage and expenses incurred in harvesting, threshing, and storing the crop greatly exceeded the value of the crop, thus rendering any surplus impossible, the failure to find in favor of the right of the purchaser at the execution sale to redeem from the mortgage is not sufficient to justify a reversal of the judgment.

ID.—SUCCESSION TO INTEREST OF LESSEE—ADJUDICATION IN BANKRUPTCY—OPTION OF TRUSTEE—PAYMENT OF RENT TO LESSOR.—Upon the

adjudiction in bankruptcy of the lessee, the trustee appointed had the option either to abandon the lease or accept it. If he accepted it, he is bound by its conditions to the same extent as the lessee, as respects payment of rent to the lessor's guardian, of the lessor's one-fourth interest in the crop. Neither such trustee nor the purchaser at the execution sale of the lessee's interest can claim the benefits of the lease, and repudiate its obligations as to rents subsequently accruing.

ID.—DEPOSITION OF DEFENDANT — STRIKING OUT ANSWER — CONSTITUTIONAL LAW.—The provision in section 1991 of the Code of Civil Procedure authorizing the court to strike out the answer of a defendant failing to attend when required to give his deposition is unconstitutional, as tending unduly to restrict the right to defend the action.

ID.—CLAIM AND DELIVERY—OWNERSHIP AND RIGHT OF POSSESSION OF GRAIN—PLEADINGS—CASE AFFIRMED.—With respect to the sufficiency and effect of the pleadings upon the subject of the ownership and right of possession of the grain crop, the case of *Summerville* v. *Stockton Milling and Mining Co.*, 142 Cal. 529, affirmed.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

T. G. Elliott, D. E. Alexander, and J. B. Webster, for J. T. Summerville, Appellant.

C. H. Fairall, and H. R. McNoble, for W. G. Hersom, Appellant.

Nichol, Orr & Nutter, and R. C. Minor, for Respondents.

SHAW, J.—This is an action in claim and delivery for certain wheat and barley.

The defendant Hersom as trustee in bankruptcy of J. D. Stuart, the original owner of the grain, filed a cross-complaint against the other parties upon which issue was joined. The judgment was in favor of the defendant D. E. Kelliher. The plaintiff and Hersom each moved for a new trial, which was refused, and each, separately, has appealed from the order denying the motion for a new trial and from the judgment.

In many of its features the case is the same as *Summerville*

v. *Stockton Milling Co.*, 142 Cal. 529. The plaintiff, as in that case, here claims the wheat as execution purchaser of the leasehold interest of Stuart under a judgment in favor of Watson against Stuart, the sale having been made on January 17, 1900. The defendant D. E. Kelliher claims one fourth of the grain as guardian of the lessor, Lobdell, who, after the lease was made, was adjudged insane, and he claims the other three fourths as mortgagee under a chattel mortgage of the crop to be grown on the leased land, executed by Stuart on October 16, 1899, and recorded October 31, 1899, to secure a note of $3,000 from Stuart to Kelliher of the same date as the mortgage, and other advances to be thereafter made. Stuart was, upon his own petition, adjudged a bankrupt on January 25, 1900, and on February 14, 1900, Hersom was appointed his trustee in bankruptcy. He claims the property as a part of the estate of the bankrupt, Stuart.

1. The judgment of Watson was not a lien on the leasehold interest of Stuart, and, there being no levy of the execution, the plaintiff's right takes its inception from the time of the sale, or from the giving of the notice thereof. This was expressly held in *Summerville* v. *Stockton Milling Co.*, 142 Cal. 529. We adhere to what was said in that case on this and all other points involving the same transactions and questions as those here under consideration. It will be necessary to consider some points which were not presented in the former case.

The mortgage was not void from the delay of fifteen days in recording it. No rights were acquired, nor was any prejudice suffered by either Summerville or Hersom during the interval between the date of execution and the date of the recording. *Ruggles* v. *Cannedy*, 127 Cal. 290, has no application. In that case there was a delay of more than six months in recording the chattel mortgage. In the mean time credit had been extended to the mortgagor, and it was against the creditors thus misled that the mortgage was declared void because of the delay. No such conditions appear here. The right of Kelliher, under this chattel mortgage, executed and recorded in October, was superior and paramount to that of Summerville under his subsequent execution and sale.

2. The claim that Kelliher waived his mortgage lien by forcibly taking possession of the leased land for the purpose of harvesting the crop covered by the mortgage is not sus-

tained by the evidence. The mortgage provided that Stuart should care for and protect the crop until fit for harvest, and should then harvest, thresh, and sack the same and deliver possession thereof immediately to Kelliher, and that if Stuart failed in either of these particulars then Kelliher should have the right to take possession of and protect the crop before harvest, and harvest, thresh, and sack the same. Kelliher testified that when the crop became fit for harvesting and required harvesting in the proper care thereof, he took charge and harvested it, and took the grain into his possession; that neither plaintiff nor Hersom ever offered to harvest the crops, or pay any expenses thereof, although they did go to the premises and attempt to interfere with him in the proper care of the crops. There was evidence that while he was in possession, Hersom and the plaintiff's agent attempted to enter, and were prevented by Kelliher. It was not shown that they offered to recognize his rights and do the harvesting for his benefit. From the manner of their attempt the inference is very strong that they were hostile to him and intended to deny his lien and right. There was no evidence that he ever claimed the right to harvest and thresh the crop otherwise than as mortgagee and because of Stuart's failure to perform its conditions. Upon that failure he had the right to take and hold possession as the mortgage provided, and thresh and sack the grain. Under these circumstances his possession was not unlawful or tortious and did not extinguish his lien.

3. Inasmuch as Kelliher had a superior right to the plaintiff under the facts found, it was not necessary for the court to find upon the affirmative allegation of the second, third, fourth, and fifth paragraphs of the plaintiff's answer to the cross-complaint of Hersom. Those paragraphs merely stated in detail the recovery of the Watson judgment and the subsequent issuance of an execution and the sale thereunder of the leasehold interest of Stuart. That sale, as has been shown, was necessarily subject to the mortgage to Kelliher. Summerville, by reason of his purchase, would have the right, as against Kelliher, to redeem from the mortgage and take possession, or to take possession in subordination to the mortgage and lease, and to receive the surplus of the proceeds of the tenant's share of the crop, if, upon a sale, it realized more than sufficient to pay the claims

accruing under the mortgage. But Kelliher has never asserted any claims antagonistic to these rights of plaintiff, and the judgment does not purport to give him any right except to hold the tenant's share of the grain for the payment of his claims, and enforce payment by a sale, and to hold the landlord's share as his guardian. Perhaps plaintiff could more justly claim some prejudice from the failure to find these facts in view of the issues between him and Hersom, the trustee in bankruptcy. If there were any surplus to form the basis of a contest, possibly the judgment would have to be reversed in order that the respective rights of plaintiff and Hersom in such surplus could be determined. But the court finds there is due to Kelliher on the mortgage the sum of three thousand dollars, with ten per cent interest from October 16, 1899, besides all the expense of harvesting, threshing, and storing the crop, and that the value of the entire crop, including the one fourth which belongs to the landlord, was only $1,541. There was no substantial conflict in the evidence on these points, and it is not contended in the briefs that the findings do not state the truth. It is therefore impossible that there can be any surplus. Nor does the plaintiff appear to desire a reversal on this point for the purpose of a further controversy between himself and Hersom over the imaginary surplus. The point is evidently made in order to obtain a general reversal of the judgment. This would merely prolong the controversy without profit to either party, and to the prejudice of Kelliher. Under these circumstances we think the error is trivial and harmless, and insufficient to justify a reversal.

4. The defendant, Kelliher, as guardian of Lobdell, the landlord, was clearly entitled to one fourth of the crop. The lease provided that Lobdell was to receive one fourth of the crops grown upon the land, and that the division was to be made on the premises in stock and in sack, when the crops were harvested. Neither the plaintiff nor Hersom can claim any interest in the crop except as the successor of Stuart. Upon the adjudication in bankruptcy and the appointment of Hersom as trustee, he, as trustee, had the option to abandon the lease or accept it. If he accepted it he would be bound by its conditions to the same extent as Stuart was bound, at least so far as the pay-

ment or delivery of the rent was concerned. (Civ. Code, sec. 822; 6 Century Digest, columns 414, 415, 416; 16 Am. & Eng. Ency. of Law, 742.) The plaintiff, as purchaser of the leasehold interest is also bound to observe its covenants for the payment of the rent. Neither of these parties can claim the benefits of the lease and repudiate its obligations as to rents subsequently accruing. (*Bonetti* v. *Treat,* 91 Cal. 229; *Salisbury* v. *Shirley,* 66 Cal. 225; 18 Am. & Eng. Ency. of Law (2d ed.), 672, 675; *Edmonds* v. *Mounsey,* 15 Ind. App. 401.) Either would have been bound to deliver the one fourth of the crop to the landlord, as provided in the lease, in case he had obtained possession. The landlord having himself obtained his share, neither of them is entitled to recover.

5. The appellants claim that the court erred in refusing to strike out parts of the answer of the defendant Kelliher to Hersom's cross-complaint and the entire answer to the plaintiff's complaint. The matters sought to be eliminated from the former are not of sufficient importance to require notice in detail. Hersom was not prejudiced by the action of the court in that particular. The motion to strike out the answer to the complaint was based on the refusal of the defendant Kelliher to attend and give his deposition in the cause. The court did not act on the motion, and the point must be considered in the same light as if the motion had been regularly denied. The motion was not well taken. The law authorizing the court to strike out the answer of a party for a refusal to attend when required and give his deposition (Code Civ. Proc., sec. 1991) is unconstitutional, as tending unduly to restrict the right to defend an action. (*Foley* v. *Foley,* 120 Cal. 40;[1] *Hovey* v. *Elliott,* 167 U. S. 409.)

6. The plaintiff complains·that he has been put to the expense of printing some twenty-nine pages of transcript by reason of the insertion of the entire judgment-roll in the action of Watson against Stuart, instead of a brief statement of its substance. If there was anything in the record before us whereby we could determine who caused this unnecessary prolixity, we would make an order adjusting the costs so as to cast this expense upon the responsible party. All that was necessary to be said on the point to present it fully to this court could have been put within the space of two pages of the

[1] 65 Am. St. Rep. 147.

transcript, and it would have been much more clear and satisfactory than the voluminous statement adopted. But, as the record is silent concerning the party who caused it, we cannot act in regard to it.

7. With respect to the sufficiency and effect of the pleadings on the subject of the ownership and right of possession of the grain, the case is substantially identical with *Summerville* v. *Stockton Milling Co.*, 142 Cal. 529, and the objections of the appellants are fully considered and disposed of by the sixth paragraph of the opinion in that case.

The judgment and order are affirmed.

Van Dyke, J., and Angellotti, J., concurred.