UNITED STATES of America,

v.

Nathan LEVIN et al.

No. 6916.

United States District Court,
D. Maryland, Civil Division.

Feb. 18, 1955.

George Cochran Doub, U. S. Atty., Walter E. Black, Jr., Asst. U. S. Atty., Baltimore, Md., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, F. A. Michels, and Arthur L. Biggins, Sp. Assts. to the Atty. Gen., for plaintiff.

Sidney I. Kellam, Baltimore, Md., for Leah Levin.

Herbert Matz, Baltimore, Md., for Max Cohen.

M. William Adelson, Baltimore, Md., for George Calvin Jones and Thomas De-Boufre.

THOMSEN, District Judge.

This case raises the question whether a lien for federal income taxes, filed as required by Section 3672, I.R.C., 26 U.S. C.A., is superior, so far as personal property of the taxpayer is concerned, to: (1) a judgment of a Maryland court entered before such filing, but on which the judgment creditor had not theretofore caused an execution to be issued or levied on the personal property; (2) a chattel mortgage, duly executed and recorded after such filing, but before any other action had been taken by the government to enforce its lien; (3) a judgment, entered after such filing, but before any other action by the government.

### Findings of Fact

The Commissioner of Internal Revenue made assessments of taxes on the income of the defendant Nathan Levin for each of the years 1945–1948. The assessment lists were received by the then Collector of Internal Revenue at Baltimore, on October 25, 1948 (for the years 1945–47) and on May 13, 1949 (for the year 1948). The Collector filed a notice of each tax lien in the office of the Clerk of the Superior Court of Baltimore City. The taxable periods, the dates of the making of the assessments, the dates of the filing of the lien notices, the amounts of taxes and interest assessed and the totals thereof, are as follows:

| Year | Date of Assessment (List received by Collector) | Notice of Lien filed with Clerk of Superior Court | Taxes | Interest | Totals |
|---|---|---|---|---|---|
| 1945 | Oct. 25, 1948 | Jan. 17, 1949 | $ 522.01 | $76.55 | $ 598.56* |
| 1946 | Oct. 25, 1948 | Jan. 17, 1949 | 269.00 | 23.31 | 292.31 |
| 1947 | Oct. 25, 1948 | Jan. 17, 1949 | 2787.89 | 74.27 | 2862.16 |
| 1948 | May 13, 1949 | Aug. 11, 1949 | 514.00 | 4.68 | 518.68 |

On the dates when the notices of lien were filed, as aforesaid, the taxpayer owned certain equipment and fixtures used in a business which he operated at 1300 North Washington Street, Baltimore, Maryland.

On January 24, 1950, the defendant Leah Levine, formerly Leah Levin, wife

* The taxpayer is entitled to a credit for the year 1945 of $25.00.

of the taxpayer, purchased said equipment and fixtures from the taxpayer. In order to finance the transaction, Leah Levin borrowed $12,000 from the defendant Max Cohen; and, as security for the loan, Leah Levin and her husband, the taxpayer, executed a chattel mortgage to Max Cohen on the equipment and fixtures. The loan was made and the mortgage was executed and placed on record on January 24, 1950.

On November 24, 1948, the defendant Samuel Singer obtained a judgment for $4,016 and costs, against Nathan Levin in the Superior Court of Baltimore City. Samuel Singer did not cause any execution to be issued or levied on any of the personal property of the defendant Nathan Levin.

On July 19, 1950, the defendants George Calvin Jones and Thomas De-Boufre secured a judgment against Nathan Levin, on which a balance of $291.-99, with interest and costs, remains unpaid.

On October 6, 1953, the government filed its complaint against the above named defendants, and others who have since been dismissed from the case, alleging most of the foregoing facts, listing the personal property covered by the government's lien, and praying: (1) for judgment against the defendant Nathan Levin for $4,271.71, with interest and costs; (2) for an adjudication that the government has a valid lien in and upon said personal property for the income taxes assessed, and that said lien is prior in right to any and all claims of any and all other parties to this suit; (3) for the sale of said property by an officer of this court and an order that the proceeds received from such sale, or so much thereof as may be necessary to satisfy the money judgment, with interest, be applied on said judgment after payment of all costs; and (4) for other and further relief. Nathan Levin did not appear, and a judgment for $4,271.71, with interest according to law, and costs, was entered against him on December 2, 1954. The other defendants have filed answers demanding their respective shares of the proceeds of any sale in accordance with their alleged claims and priorities.

### The Statutes Involved

Internal Revenue Code of 1939:

"§ 3670.   Property subject to lien

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest * * *) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U. S.C.A. § 3670.

"§ 3671.   Period of lien

"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C.A. § 3671.

Section 3672, As amended by Section 401, Revenue Act of 1939, c. 247, 53 Stat. 862, and Section 505, Revenue Act of 1942, c. 619, 56 Stat. 798. "Validity against mortgagees, pledgees, purchasers, and judgment creditors

"*(a) Invalidity of lien without notice.* Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) *Under State or Territorial laws.* In the office in which the filing of such notice is authorized by the law of the State * * *." 26 U.S.C.A. § 3672.

Annotated Code of Maryland, 1951 Ed., Article 17, § 12 (being part of the Uniform Federal Tax Lien Registration Act):

"12.   Notices of liens for taxes payable to the United States of America and Certificates discharging such liens shall be filed in the office of the Clerk of the Circuit Court

of the county, and the Clerk of the Superior Court of Baltimore City, within which the property subject to such lien is situated."

### Conclusions of Law

1. In Maryland a judgment is a lien on real property and leasehold interests in the county (or Baltimore City) in which the judgment is rendered or recorded under Article 26, § 20, of the Annotated Code of Maryland; but it is not a lien on personal property until an execution has been issued. "A lien fastens upon personal property from the time of the delivery of the writ of *fi. fa.* to the sheriff." Prentiss Tool & Supply Co. v. Whitman & Barnes Co., 88 Md. 240, at page 243, 41 A. 49, at page 50. See also In re Day, D.C.Md., 22 F.Supp. 946, at page 949. Singer's judgment never became a lien on the personal property involved in this case because he never caused an execution to be issued.

Therefore, unless Section 3672(a) is to be literally construed to give priority to any judgment creditor of the taxpayer, whether he has a lien or not, and wherever the judgment may have been rendered, the government's tax lien must prevail over Singer's judgment. The point has been flatly decided by the Court of Appeals for the 9th Circuit in Miller v. Bank of America, N. T. & S. A., 166 F.2d 415, in which the court held that since there had been no levy of execution by the appellant-judgment creditor the tax lien of the government was paramount and superior. The court said:

"Appellant asserts that the above federal statutes should be literally construed and since the word 'lien' is omitted in connection with the term 'judgment creditor' as used therein, that it was not necessary for him to take any further action to perfect his right to the fund on deposit with the Bank of America: that the entry and docketing of the judgment was sufficient to entitle him to priority over the perfected lien of the Government in said fund.

\* \* \* \* \* \*

"While the interpretation of the statute insisted upon by appellant probably would not have absurd or shocking results, it would clearly defeat the object intended by Congress. Moreover, it would be unreasonable to conclude that the Government intended to place itself at a disadvantage in procuring a tax lien when the decisions of the courts and the very history of the legislation in question show that before the enactment of the above statutes no lien whatsoever existed in favor of any class or classes of creditors." 166 F.2d at page 417.

Before what is now Section 3672 was amended in 1913, § 3186 of the Revised Statutes gave the government a valid and binding lien on all property of the taxpayer everywhere, even against a bona fide purchaser or encumbrancer in good faith for value, without knowledge or notice of the existence of such a lien. United States v. Snyder, 149 U.S. 210, 13 S. Ct. 846, 37 L.Ed. 705. The legislative history referred to in the Miller case includes the report of the House Judiciary Committee, known as H. Rep. No. 1018, 62d Congress, 2d Sess. The purpose of the amendment as shown by that report was to make the lien valid against purchasers, mortgagees and judgment creditors only after notice thereof has been filed by the Collector in accordance with the statute. It was not the purpose of the amendment to give any new and unheard of preference to a judgment creditor who has not perfected his lien. Such a construction would produce absurd results; for example, in this case, if Section 3672 should be construed to make Singer's judgment superior to the federal tax lien, we would have a situation where Singer's judgment is superior to the federal lien, the federal lien is superior to Cohen's mortgage, but Cohen's mortgage under Maryland law is superior to Singer's judgment. Such an absurdity is avoided by following the construction of Section 3672 adopted by the 9th Circuit in Miller v. Bank of America, supra.

2. The tax lien was filed before the Cohen mortgage was executed and before Singer's judgment was entered and is, therefore, superior to them under the principle of first in time, first in right, which is applicable here. United States v. City of Greenville, 4 Cir., 118 F.2d 963.

Leah Levin and Max Cohen, however, contend that because under the Maryland law a judgment is not a lien on personal property until an execution is issued, the same rule should apply to a federal tax lien. They cite no authority to support this proposition, except Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. But the doctrine of that case has no application here. The relative priority of the lien of the United States for unpaid taxes is always a federal question to be determined finally by the federal courts. United States v. Acri, 75 S.Ct. 239; United States v. Security Trust & Savings Bank, 340 U. S. 47, 49, 71 S.Ct. 111, 95 L.Ed. 53. The state's characterization of its liens, while good for all state purposes, does not necessarily bind a federal court. United ed States v. Acri, supra; United States v. Gilbert Associates, Inc., 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071. Neither Section 3670 nor the courts make any distinction between real and personal property with respect to the lien created by 26 U.S.C.A. § 3670. Glass City Bank v. United States, 326 U.S. 265, at page 267, 66 S.Ct. 108, 90 L.Ed. 56; United States v. Acri, supra; Miller v. Bank of America, supra.

I find that the government has a valid lien in and upon the personal property referred to in the complaint for the income taxes assessed, together with interest thereon, and that said lien is prior in right to any and all claims of any and all other parties to this suit.

I will enter an order (which should be prepared by the U. S. Attorney) for the sale of said property by an officer of this court, the proceeds received from such sale, or so much thereof as may be necessary to satisfy the money judgment heretofore rendered against Nathan Levin herein, together with interest thereon, to be applied on said judgment after the payment of all costs. Any balance of the proceeds of such sale remaining thereafter shall be allocated among the other persons having liens on said property in accordance with their respective priorities, such priorities to be determined in the first instance by the auditor to whom the papers will be referred to state an account.