**In the Matter of Stephan CARTON and Jo Carton.**

**Bankruptcy No. 75–00631 G.**

United States Bankruptcy Court,
D. Maryland.

June 9, 1980.

David J. Cohen, Washington, D. C., Trustee.

Robert Sloane, Baltimore, Md., for First Am. Bank of Md.

Roger Frankel, Bethesda, Md., for Bankrupts.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION OF FIRST AMERICAN BANK OF MARYLAND FOR SUMMARY JUDGMENT

GLENN J. GOLDBURN, Bankruptcy Judge.

### FINDINGS OF FACT

By order of September 21, 1977 this Court authorized the Trustee to sell the nonexempt assets of the above named Bankrupts free and clear of liens and encumbrances. Included in these assets was the Bankrupts' interest in real property known as 3591 Hamlet Place, Chevy Chase, Maryland. The property is a cooperative apartment unit on which the Bankrupts held a cooperative ownership contract.

First American Bank of Maryland holds a valid judgment lien against the Bankrupts, and the sale free and clear of liens was made subject to a stipulation entered into between the Trustee and the Bank which stated that the judgment lien would attach to the proceeds of the sale, and the validity and priority of the lien would be litigated after the sale. Pursuant to the stipulation, the Bank filed a motion for summary judgment alleging that its lien attached to the Bankrupts' interest in the cooperative.

### CONCLUSIONS OF LAW

In Maryland, a judgment constitutes a lien on all real estate and leasehold interests of the judgment debtor located in the county where the judgment was entered, except leases from year to year and nonrenewable leases for terms of less than five years. Maryland Cts. & Jud.Proc.Code Ann. § 11–402 (1980 Repl. Vol.); *United States v. Levin*, 128 F.Supp. 465 (D.Md. 1955). Although the Maryland Courts have apparently not considered the question of whether a judgment lien attaches to a judgment debtor's interest in a cooperative apartment unit, the Courts have had the opportunity to scrutinize the nature of such interests. In *Tudor Arms Apts. v. Shaffer*, the Court of Appeals described the interest of a cooperative "owner" as "a right, under [a] proprietary lease, to occupy a particular unit for an indefinite period, during good behavior." 191 Md. 342, 62 A.2d 346 (1948). In *Green v. Greenbelt Homes*, the Court construed a cooperative contract similar to the one at bar and concluded that under such a contract the relationship between the corporate cooperative and member is that of landlord and tenant, and the ten-

ant's interest is a proprietary lease. 232 Md. 496, 194 A.2d 273 (1963). The nature of a proprietary lease is a right of use and enjoyment for an indefinite time, terminable for bad behavior. *See* 15A Am.Jur.2d Condominiums and Cooperatives § 59 (1963).

The Court concludes that the Bankrupts' interest in the cooperative was an interest in real estate or leasehold to which the Bank's judgment attached. Whether the Bankrupts' title to the interest was ownership or a lease is unimportant, because either would fall within the purview of the Courts Article of the Maryland Code. Clearly the interest was more than a year to year or nonrenewable lease.

For the above reasons, the Court will enter an order granting the Bank's Motion for Summary Judgment.